**Craig Anthony DOREMUS, Appellant**

v.

**The STATE of Texas, Appellee**

**NO. 14-15-00727-CR**

Court of Appeals of Texas, Houston (14th Dist.).

Opinion filed August 15, 2017

Rehearing and Rehearing En Banc Denied October 31, 2017

Rick Oliver, Houston, TX, for Appellant.

Patricia McLean, Houston, TX, for State.

Panel consists of Chief Justice Frost and Justices Donovan and Wise.

## OPINION

Kem Thompson Frost, Chief Justice

Appellant Craig Anthony Doremus challenges his conviction for driving while intoxicated. He contends the trial court erred in denying his motion to suppress evidence and in instructing the jury. Concluding that appellant's issues do not afford him appellate relief, we affirm the trial court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Officer Samuel Glaze saw appellant driving the wrong way down a one-way street. During the stop that followed, Officer Glaze detected the "smell of alcoholic beverage" emanating from appellant's car and noticed that appellant's eyes were bloodshot and appellant was very quiet. Appellant said that he had just left a bar, where he had consumed two alcoholic drinks. Officer Glaze suspected appellant was intoxicated. He placed appellant in handcuffs, arranged for appellant's car to be towed, and took appellant to a facility—"central intox at 61 Riesner"—so that the police could determine whether appellant was intoxicated.

When they arrived at the facility, Officer T.R. Smith read appellant the "DIC 24 form" containing statutory warnings. Appellant indicated that he understood them. Officer Smith asked appellant for a breath or blood specimen. Appellant stated he would provide a blood specimen. Officer Smith then demonstrated and described field-sobriety tests and gave appellant the option to perform them. Appellant refused, and again stated his desire to provide a blood specimen.

Appellant signed a form giving consent to a blood draw. The police phlebotomist examined the veins in appellant's left arm and attempted to draw blood, but was unsuccessful. The phlebotomist then attempted to find a vein in appellant's right arm and was preparing to make a second attempt to draw blood when appellant stood up. As he stood up, appellant said, "Put me in a cell, I'm gonna call my lawyer." Appellant continued, "Come on, this is a show right here." Appealing to Officer Glaze, appellant explained, "Sir, I got stuck right here.... I want a professional, guys." Officer Glaze then asked, "Would you feel better at a hospital?" In response, appellant asked, "Take me to a hospital? And, that's fine?" Officer Glaze then said, "Sir, can you please have a seat and let [the phlebotomist] draw your blood?" Officer Glaze warned appellant that if Officer Glaze took appellant to the hospital and appellant "messed with [him]" it would not "be good." Officer Glaze told appellant to sit down, but appellant remained standing. Officer Glaze explained that if appellant did not want the phlebotomist to draw his blood, they could go to a hospital, but, in Officer Glaze's opinion, the hospital nurse would encounter the same problems finding appellant's veins. Officer Glaze said, "it's gonna be one of two things, we can do it here, or we'll do it at a hospital, but it's gonna be done, do you understand that?" Officer Glaze opined that the reason the phlebotomist experienced difficulty was because appellant had big arms; he surmised that a hospital nurse would face the same issue. Officer Glaze then said, "I read the DIC 24 to you and I gave you options, so you had options here and you chose the blood, so I'm telling you now, I'm giving you an option, you can do it here or you can do it at a hospital." Appellant said, "let's go."

Officer Glaze took appellant to a hospital, where a nurse drew appellant's blood. Appellant's blood-alcohol content regis-

tered at .176. The police arrested appellant.

Charged with operating a motor vehicle in a public place while intoxicated with a blood-alcohol content of at least .15, appellant appeared in the impact court, where the judge held a pre-trial hearing on the issue of appellant's consent to the blood draw. The impact court determined that appellant voluntarily consented.

Appellant pleaded "not guilty." At trial, defense counsel attempted to impeach Officer Glaze with a police report that was not admitted into evidence. Officer Glaze admitted that in the report a checked box indicated that no traffic violation had occurred. Officer Glaze testified that he was not sure if he filled out the police report or if Officer Smith filled out the report, but he concluded that the form was inaccurate and the check mark was a mistake due to an oversight.

At the jury-charge conference, defense counsel asked the trial court to instruct the jury under article 38.23 of the Texas Code of Criminal Procedure to disregard any evidence obtained from the traffic stop if the traffic stop was illegal. The trial court denied defense counsel's request.

The jury found appellant guilty as charged. The trial court assessed punishment at one year in county jail, but the trial court suspended the sentence and placed appellant on community supervision for one year. Appellant filed a notice of appeal and requested that the court reporter provide a record of the proceedings in the impact court and trial court below.

After the court reporter filed the record, appellant noticed several inaccuracies in the transcription and filed a motion to abate the case for findings in the trial court as to the appellate record. The parties and the trial judge conferenced together and stipulated that portions of the appellate record were inaccurate. They agreed on the corrections necessary to make the record accurate. The court reporter then corrected the inaccurate portions of the record. We decide this appeal based on the corrected record filed in our court.

## ISSUES AND ANALYSIS

Appellant asserts in his first and third issues that the trial court abused its discretion in denying his motion to suppress evidence. In his second issue, appellant asserts that the trial court erred in failing to submit the article 38.23 instruction to the jury. We address appellant's first and third issues first, because sustaining those issues would afford appellant the greatest relief. *See* Tex. R. App. P. 43.3; *Campbell v. State*, 125 S.W.3d 1, 4 n.1 (Tex. App.—Houston [14th Dist.] 2002, no pet.).

**A. Lack of error preservation on complaint that appellant's arrest was not supported by probable cause.**

In his first issue, appellant asserts that Officer Glaze arrested him without probable cause and so the trial court abused its discretion in overruling his motion to suppress any evidence stemming from the arrest. As a threshold inquiry, we consider whether appellant preserved this issue for appellate review.

To preserve error, a party must make a complaint to the trial court by a timely request, objection, or motion that states the grounds for the desired ruling with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds are apparent from the context. Tex. R. App. P. 33.1(a); *Pena v. State*, 353 S.W.3d 797, 807 (Tex. Crim. App. 2011). The objecting party must let the trial court know what he wants, why he thinks he is entitled to it, and he must do so clearly enough for the judge to understand him at a time when the judge is

in the proper position to do something about it. *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009). The record also must show that the trial court ruled on the request, objection, or motion either expressly or implicitly, or that the trial court refused to rule on the request, objection, or motion and the complaining party objected to the refusal. Tex. R. App. P. 33.1(a); *Pena*, 353 S.W.3d at 807.

At trial appellant proffered various reasons under the Fourth Amendment the trial court should exclude evidence of his intoxication, but none of his objections preserved error as to appellant's complaint that the trial court should have excluded evidence because Officer Glaze arrested him without probable cause.

Appellant objected "pursuant to the Fourth Amendment of the United State[s] Constitution, Article 38.23 of the Texas Code of Criminal Procedure that there's nothing to support this arrest on the record" when the State asked Officer Glaze what happened when he took appellant to the facility. After a discussion, the trial judge stated, "He has to pass that burden. I don't care what he does, but he has to show that he was lawfully detained and transported downtown. That's what he's got to do. That's the objection. So[,] do you want to ask him more questions?" The prosecutor said, "Yes, Judge." The trial court then stated "All right. Bring the jury back." Appellant did not preserve error through this objection because the trial court did not rule on the objection. *See Diamond v. State*, 496 S.W.3d 124, 148 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd). The record indicates that the prosecutor continued asking questions and the parties had a discussion off the record, but defense counsel did not again object to the admission of any evidence on the basis that it was fruit from an illegal arrest.

█ When the State offered a copy of a lab report containing appellant's blood-alcohol concentration, defense counsel objected "pursuant to the Fourth Amendment, Article 38.23 and Article 38.22." The trial court overruled the objection. At trial, appellant asserted various arguments under the Fourth Amendment, including the argument that the blood-draw results were inadmissible because appellant did not consent. In the context of appellant's various Fourth-Amendment objections, this objection was not specific enough or clear enough to preserve error. *See Barfield v. State*, 464 S.W.3d 67, 79 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd). After the State rested, defense counsel stated: "the Defense reurges its motion to suppress the blood test in this case. Also reurge its motion to suppress the stop." The trial court denied the oral motion. Appellant voiced this objection too late. So, this untimely objection did not preserve error. *See Allen v. State*, 473 S.W.3d 426, 442 (Tex. App.—Houston [14th Dist.] 2015, pet. dism'd).

█ Although defense counsel objected to the introduction of evidence on the basis that Officer Glaze did not have probable cause to arrest appellant, defense counsel did not make a clear or specific objection or get a ruling on his objection at a time when the trial court was in a position to grant appellant any relief. *See* Tex. R. App. P. 33.1(a); *Pena*, 353 S.W.3d at 807.

We note that our record contains no written motion to suppress and only a single volume of the reporter's record related to pre-trial proceedings. The record of the pre-trial hearing begins with defense counsel questioning appellant. After re-cross examination, the trial court asked appellant a few questions and then denied appellant's motion to suppress. It appears from the record that defense counsel made no arguments at the pre-trial hearing. Ap-

pellant does not argue otherwise nor direct this court to any place in the record where appellant preserved the arguments he urges in his first issue.

Because appellant did not preserve error, we overrule the first issue. *See* Tex. R. App. P. 33.1(a); *Peña*, 353 S.W.3d at 807.

**B. Appellant's consent to the blood draw**

In his third issue, appellant asserts that the trial court abused its discretion in denying appellant's motion to suppress the results of a test of his blood-alcohol concentration on the basis that the appellant's consent to the blood draw was involuntary. Appellant acknowledges that he consented to a blood draw, but appellant argues that he withdrew his consent and invoked his right to an attorney when he stated, "Put me in a cell, I'm gonna call my lawyer." Appellant argues that any later consent to the blood draw was involuntary because Officer Glaze coerced the consent.

We review a trial court's ruling on a motion to suppress evidence using a bifurcated standard of review. *Vasquez v. State*, 324 S.W.3d 912, 918 (Tex. App.— Houston [14th Dist.] 2010, pet. ref'd). We give "almost total deference to a trial court's determination of the historical facts that the record supports." *See Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We review de novo questions of law and "mixed questions of law and fact" that do not depend upon credibility and demeanor. *Fienen v. State*, 390 S.W.3d 328, 335 (Tex. Crim. App. 2012). When, as in today's case, there are no findings of historical fact, we review the evidence in the light most favorable to the trial court's ruling, assuming that the trial court made implicit findings of fact supported in the record that buttress its ruling. *Id.* We will uphold the trial court's ruling unless it is clearly erroneous. *Id.*

The Fourth Amendment to the United States Constitution secures "[t]he right of the people to be secure in their persons ... against unreasonable searches and seizures." U.S. Const. amend. IV; *see also* Tex. Const. art. I § 9. Taking a blood specimen constitutes a search and seizure under the Fourth Amendment. *Weems v. State*, 493 S.W.3d 574, 577 (Tex. Crim. App. 2016). Courts deem searches conducted without a warrant per se unreasonable under the Fourth Amendment unless the searches fall within an exception. *Gonzales v. State*, 369 S.W.3d 851, 854 (Tex. Crim. App. 2012). The State shoulders the burden to prove that a warrantless search falls within an exception to the warrant requirement. *McGee v. State*, 105 S.W.3d 609, 615 (Tex. Crim. App. 2003). Courts recognize voluntary consent to search as an exception to the warrant requirement. *Id.* For consent to be voluntary, the consent must be given freely and not the result of physical or psychological pressures brought to bear by law enforcement. *Fienen v. State*, 390 S.W.3d at 333. Courts deem consent involuntary if the individual's "will has been overborne and his capacity for self-determination critically impaired." *See id.*

The validity of consent is a question of fact. *See id.* In determining voluntariness of consent, the trial court must consider the totality of circumstances. *See id.* The court "must conduct a careful sifting and balancing of the unique facts and circumstances of each case in deciding whether a particular consent to search was voluntary or coerced." *Meekins v. State*, 340 S.W.3d 454, 459 (Tex. Crim. App. 2011). No one statement or action automatically should amount to coercion such that consent is involuntary—any statement or action must be considered in the totality of the circumstances. *Fienen*, 390 S.W.3d at 333.

Appellant initially consented to a blood draw, but then stood up and said, "Put me in a cell, I'm gonna call my lawyer." After making this statement, appellant continued talking to Officer Glaze, explaining that he wanted a professional to draw his blood. Then, when Officer Glaze asked if appellant would feel better at a hospital, appellant indicated through his follow-up questions that having his blood drawn at a hospital might satisfy him. Officer Glaze responded by urging appellant to allow the police phlebotomist to complete the blood draw. Officer Glaze then made statements indicating that police would draw appellant's blood either at the police station or at the hospital. Appellant testified that Officer Glaze also mentioned that appellant would be subject to a "72-hour" mandatory lock up if appellant did not consent. Appellant argues that Officer Glaze's response was threatening and that Officer Glaze, through aggressive behavior, coerced appellant into involuntarily providing a blood sample.

Under a totality-of-the circumstances analysis, the trial court reasonably could have concluded that Officer Glaze's statements pressuring appellant to provide a blood sample, did not overbear appellant's will. *See Freeman v. State*, 413 S.W.3d 198, 211 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd) (holding that under totality of circumstances, Officer's statement, "You know we're going to take blood from you" did not overbear appellant's will). Although Officer Glaze urged appellant to allow the police phlebotomist to take the blood sample, the record shows that appellant was keenly aware of his rights and continued to invoke them. Officer Smith read appellant his rights and asked appellant if he had any questions. Appellant stated that he understood his rights and declined to talk with Officer Smith. Appellant also declined to perform field-sobriety tests. But, he consented to the blood draw at least until

he became uncomfortable with the phlebotomist. Although appellant then made a statement that he wanted to withdraw consent, appellant continued talking, explaining that his reason for doing so was his desire for a "professional." Officer Glaze then let appellant know about the option to have his blood drawn at the hospital and appellant appeared interested in taking that option. When Officer Glaze attempted to persuade appellant to allow the police phlebotomist to try again, appellant stood firm, reminding Officer Glaze of appellant's rights.

Officer Glaze pointed to appellant's options and reminded him that he had chosen the blood draw and that he also could choose between the hospital and the police phlebotomist to draw his blood. The trial court reasonably could have concluded that Officer Glaze's statement that they were going to draw appellant's blood meant that if appellant did not consent, Officer Glaze would apply for a warrant. Appellant thought about the options and then decided to have his blood drawn at the hospital. When offered the hospital option, he said "let's go."

Appellant testified at the pre-trial suppression hearing that Officer Glaze told him in the car on the way to the hospital that he would be confined for 72 hours if he withdrew his consent. The trial court could have discredited this portion of appellant's testimony. *See Jones v. State*, 984 S.W.2d 254, 258 (Tex. Crim. App. 1998). But, even if the trial court credited the testimony, when appellant was asked a follow-up question—if he felt that his only choice was to go to the hospital—appellant did not state that he felt he had no other option. Appellant testified that "[a]t that point, I thought a lot about—during the situation, about keeping my job. And, yes, I went to the hospital." The hospital nurse who performed appellant's blood draw tes-

tified that if he is not given a warrant, he asks anyone whose blood he draws if they are consenting to the blood draw. The nurse testified that, although he did not remember appellant specifically, if appellant had not consented, he would not have performed the blood draw.

The record shows that appellant was aware of his right to refuse a blood draw and that appellant continued to consider his options throughout the process. Appellant declined requests from police officers several times, without drawing negative consequences. Officer Glaze did not appear to overbear appellant's will. To the contrary, appellant reminded Officer Glaze of appellant's rights. Appellant stated that he wanted to go to the hospital, and the nurse testified that if appellant had not consented, the nurse would not have drawn the blood. The trial court reasonably could have concluded that appellant voluntarily consented to the blood draw. *See Fienen*, 390 S.W.3d at 333; *Freeman*, 413 S.W.3d at 211. Because the trial court did not abuse its discretion in denying appellant's motion to suppress the blood-test results, we overrule appellant's third issue.

## C. Request for article 38.23 instruction

■ In his second issue, appellant asserts that the trial court abused its discretion in refusing appellant's request that the court instruct the jury to disregard evidence found as a result of Officer Glaze's traffic stop if the jury had reasonable doubt as to whether Officer Glaze had reasonable suspicion to believe appellant was operating a motor vehicle the wrong way on a one-way street.

■ The record does not contain a copy of the written instruction defense counsel tendered to the trial court, but defense counsel read the proposed instruction into the record, stating:

Officer Glaze had told the jury that in his police report it was marked that no traffic offenses had taken place......
Therefore, the instruction, the additional 38.23 instruction the defense requested you were instructed that 'no evidence obtained by an officer or other person in violation of any provision of the constitution or laws of the State of Texas or of the constitution or laws of the United States of America shall be admitted in evidence against the accused on the trial of any criminal case.... Therefore, if you believe or have a reasonable doubt thereof that the evidence in question was obtained in violation of any provision of the constitution or laws of the State of Texas or the constitution or laws of the United States of America, then in such event you will wholly disregard such evidence and not consider it as any evidence whatsoever.

In this case, the reasonable suspicion for the contact was operating a motor vehicle the wrong direction on a street. Therefore, if you have a reasonable doubt as to whether or not Officer Glaze had reasonable suspicion to believe that Craig Doremus was operating a motor vehicle the wrong way on a one-way street, we won't consider any evidence that flows from this point further and you'll say by your verdict not guilty.

Texas Code of Criminal Procedure article 38.23, entitled "Evidence Not to Be Used," prohibits the use at trial of evidence obtained in violation of the Constitution or laws of the State of Texas, or the Constitution or laws of the United States of America. *See* Tex. Code Crim. Proc. Ann. art. 38.23(a) (West, Westlaw through 2017 R.S.). Under article 38.23, "In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in

violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained." *Id.* A defendant is entitled to this instruction if (1) the evidence presented to the jury raises an issue of fact; (2) the defendant affirmatively contests the evidence on that fact; and (3) the contested factual issue is material to the lawfulness of the challenged conduct. *See Hamal v. State,* 390 S.W.3d 302, 306 (Tex. Crim. App. 2012). If the defendant raises a fact issue regarding the legality of the evidence at issue, even if the evidence is weak or unbelievable, the trial court must instruct the jury under article 38.23. *See Holmes v. State,* 223 S.W.3d 728, 730 (Tex. App.— Houston [14th Dist.] 2007) *aff'd,* 248 S.W.3d 194 (Tex. Crim. App. 2008). Evidence "from any source" can justify an instruction. *Robinson v. State,* 377 S.W.3d 712, 719 (Tex. Crim. App. 2012).

Appellant argues that he raised a fact issue as to whether he was driving the wrong way down a one-way street because Officer Glaze testified on cross-examination that the police report contained a checked a box indicating appellant had not committed a traffic violation. This report was not admitted into evidence. Officer Glaze testified that the checked box was an oversight. The evidence does not raise a fact issue on this question because Officer Glaze's trial testimony that appellant was driving the wrong way down a one-way street is the only evidence addressing whether appellant drove the wrong way down a one-way street. Officer Glaze's testimony on cross-examination amounts to evidence of which box was checked in the report, but it does not rise to the level of affirmative evidence that appellant was not driving the wrong way down a one-way street. *See Madden v. State,* 242 S.W.3d 504, 514 (Tex. Crim. App. 2007). On this point, Officer Glaze stood resolute. Appellant did not affirmatively contest the evi-

dence that appellant drove the wrong way down a one-way street. The trial court did not abuse its discretion in denying appellant's request to submit to the jury an instruction under article 38.23. We overrule appellant's second issue.

### CONCLUSION

Appellant failed to preserve error on his complaint that the police officer did not have probable cause to arrest him. The trial court did not abuse its discretion in denying appellant's motion to suppress evidence on the basis that appellant's consent to the blood draw was involuntary. Nor did the trial court abuse its discretion in denying appellant's request for an article 38.23 jury instruction.

Having overruled appellant's issues, we affirm the trial court's judgment.