**Opinion issued November 13, 2018**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-18-00114-CR

————————————

**EDWARD DEAN GOMEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 10th Judicial District
Galveston County, Texas
Trial Court Case No. 17CR0158

## MEMORANDUM OPINION

A jury found appellant, Edward Dean Gomez, guilty of evading arrest or detention with a motor vehicle and assessed his punishment at seven years' confinement in the Texas Department of Criminal Justice. In his sole point of error,

appellant contends that the trial court erred in allowing the prosecutor to make improper arguments before the jury during closing arguments. We affirm.

## Background

On the night of January 15, 2016, Sheriff's Deputy Kelcie Miller attempted to stop appellant for speeding southbound on FM 2004 in Galveston County, Texas. At the time, appellant was driving a tow truck with an automobile in tow. When appellant did not stop, Deputy Miller activated the emergency lights, and later, the siren, on her patrol car and pursued appellant for more than sixteen minutes. As the pursuit continued, Deputy Miller informed dispatch that she did not know her exact location but that they were crossing into Brazoria County. Police in Brazoria County set up a roadblock with multiple cars and laid down spike strips on the road. Appellant crossed the spike strips but continued driving for another mile before finally coming to a stop.

Once he was stopped, appellant got out of his truck and threw himself to the ground. Officers approached appellant with their guns drawn, and appellant began pointing and yelling at the officers. Appellant got up and tried to run away but the officers tackled him and took him into custody. Officers subsequently discovered that appellant had a female passenger in his tow truck, whom Deputy Miller

described as very scared. The State offered into evidence, and the trial court admitted without objection, Deputy Miller's in-car video of the pursuit and officers' subsequent apprehension of appellant.

Appellant testified that he owns a wrecker service in Hitchcock, Texas, and is a licensed wrecker driver. He testified that he was sitting at a Valero gas station in his truck when a woman came into the station with a flat tire. Although she had no money, appellant offered to tow her car.

Appellant testified that on his way to Freeport he periodically checked his mirrors and eventually saw a pair of headlights behind him. He testified that he did not see any police lights until Deputy Miller turned on her emergency lights at the Galveston/Brazoria county line, and that he did not hear a siren until he was approximately one mile into Brazoria County. He testified that when he heard the siren, he was not sure if he was being pulled over or if the officer was responding to another call. Appellant testified that he never realized that Deputy Miller was trying to pull him over. According to appellant, Deputy Miller was at least one and half miles behind his tow truck.

Appellant testified that he pulled over because the spikes had flattened his tires and his customer was in danger, not because he realized the deputy was trying

3

to stop him. When asked why he got on the ground after he left his truck, he stated that he had a previous incident with a Hitchcock police officer and that he believed Hitchcock officers are corrupt. Appellant admitted that he had no history of hearing problems. Appellant testified that he was previously diagnosed as paranoid schizophrenic, although he did not take any medication for the condition.

## Improper Jury Argument

In his sole point of error, appellant contends that the trial court erred in allowing the State to make an improper jury argument. Specifically, appellant alleges that the trial court allowed the prosecutor to give an opinion based on his expertise, and that such opinion constituted improper jury argument.

### A. Standard of Review and Applicable Law

"As a prerequisite to presenting a complaint for appellate review, the record must show that . . . the trial court[] ruled on the request, objection, or motion[.]" TEX. R. APP. P. 33.1(a). "A court's ruling on a complaint or objection can be impliedly rather than expressly made." *Rey v. State*, 897 S.W.2d 333, 336 (Tex. Crim. App. 1995) (en banc); *see also* TEX. R. APP. P. 33.1(a) (stating that trial court's ruling may be made "either expressly or implicitly"). A trial court is only deemed to have ruled implicitly when "its actions or other statements otherwise unquestionably indicate a

4

ruling." *Montanez v. State*, 195 S.W.3d 101, 104 (Tex. Crim. App. 2006) (quoting *Rey*, 897 S.W.2d at 336).

To preserve error with respect to an appellate claim of improper jury argument, appellant must urge his objection until he obtains an adverse ruling. *See Mathis v. State*, 67 S.W.3d 918, 926–27 (Tex. Crim. App. 2002); *see also* TEX. R. APP. P. 33.1(a); *Archie v. State*, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007). In pursuing its objection to an adverse ruling, counsel must (1) object to the complained-of statements, (2) request a curative instruction, if the error can be cured by an instruction to disregard, and (3) even if the error cannot be cured by an instruction to disregard, make a motion for a new trial. *See Cockrell v. State*, 933 S.W.2d 73, 88–89 (Tex. Crim. App. 1996); *see also Acosta v. State*, 411 S.W.3d 76, 95 (Tex. App.—Houston [1st Dist.] 2013, no pet.). Counsel "must object each time an improper argument is made, or [appellant] waives [his] complaint, regardless of how egregious the argument." *Temple v. State*, 342 S.W.3d 572, 603 (Tex. App.—Houston [14th Dist.] 2010, pet. granted), *aff'd on other grounds*, 390 S.W.3d 341 (Tex. Crim. App. 2013).

A trial court's ruling on an objection to improper jury argument is reviewed for abuse of discretion. *See Garcia v. State*, 126 S.W.3d 921, 924 (Tex. Crim. App.

5

2004); *Nzewi v. State*, 359 S.W.3d 829, 841 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd). "To be permissible, the State's jury argument must fall within one of the following four general areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to the argument of opposing counsel; and (4) plea for law enforcement." *Gallo v. State*, 239 S.W.3d 757, 767 (Tex. Crim. App. 2007); *Dukes v. State*, 486 S.W.3d 170, 183 (Tex. App.—Houston [1st Dist.] 2016, no pet.).

An argument which exceeds the permissible bounds of the four approved areas of argument constitutes reversible error only if an analysis of the record as a whole shows the argument is extreme or manifestly improper, violates a mandatory statute, or injects new facts harmful to the accused into the trial proceeding. *See Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000) (en banc). For reversal to be warranted, the remarks must have constituted a willful and calculated effort to deprive appellant of a fair and impartial trial. *See id.* A reviewing court must consider a challenge to the State's closing argument in the context of the entire record, including the complete arguments of both parties, to determine whether the contested statements fall within the scope of these four categories. *See Klock v. State*, 177 S.W.3d 53, 64 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd) (citing

*Sandoval v. State*, 52 S.W.3d 851, 857 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd)). In most instances, an instruction to disregard the remarks will cure the error. *See id.*

## B. Discussion

At trial, appellant stated that he did not stop because he was unaware that Deputy Miller was attempting to pull him over. Appellant's trial counsel argued that this was because appellant was mentally ill and interpreted the deputy's actions differently than others might. During closing arguments, the prosecutor made the following remarks:

> Here's what happened. He thought that that was Hitchcock PD that was behind him. He's got some kind of beef with them and he wasn't pulling over. He said, "Huh-uh." He said, "I'm just going to keep on going." He said, "There's no way I'm pulling over." That's what happened. Had no intention of pulling over. He thought -- in my opinion, he thought that if he got to Brazoria County, they were going to stop pursuing because he knows –

At that point, trial counsel objected in the following manner:

> Judge, I'm going to object to the prosecution putting his opinion in there. We're not allowed to give our personal opinions on this case. It's just the facts of the case that matter.

The trial court responded:

7

All right. The jury will be guided by your collective memory and the evidence that is presented before you. It is closing arguments. You can make reasonable interpretations from that.

Trial counsel did not object to the trial court's response, request a ruling, or request an instruction to disregard or make a motion for a new trial. The prosecutor went on to argue:

> So, he knew that – because you heard him. He's worked with officers before. He understands jurisdiction. He understands that once you get into Brazoria County, unless you're in an active pursuit, the Galveston County Sheriffs don't have jurisdiction in Brazoria County. He knew that. And thought that if he could get to Brazoria County, they were going to back off and they were going to go away.

Trial counsel made no further objection.

Appellant failed to preserve error, and the complaint is not properly before us. Trial counsel failed to pursue its objection to an adverse ruling and failed to object to further presentation of the complained-of argument. The trial court's statement did not constitute a ruling in response to counsel's objection. *See Diamond v. State*, 496 S.W.3d 124, 147–48 (Tex. App.—Houston [14th Dist.] 2016, pet ref'd) (noting appellant failed to obtain ruling when trial court said, "All right. Ladies and gentlemen, you're going to be the judges of what was presented by the evidence and the testimony."); *see also Doremus v. State*, 530 S.W.3d 277, 282 (Tex. App.— Houston [14th Dist.] 2017, pet. ref'd) (stating that there was no ruling when trial

8

court responded, "All right. Bring the jury back."); *Mayberry v. State*, 532 S.W.2d 80, 84 (Tex. Crim. App. 1975) (finding that trial court's response—"Jury will recall the evidence[.]"—was not ruling sufficient to preserve error). Neither the trial court's response to the objection, nor any action by the trial court, constituted a ruling. *See Montanez*, 195 S.W.3d at 104.

Trial counsel did not object to the trial court's failure to rule, did not request a curative instruction, and did not make a motion for a new trial. *See Cockrell*, 933 S.W.2d at 88-89; *see also Acosta*, 411 S.W.3d at 95. Trial counsel also failed to object again when the prosecutor continued—using substantially more detailed and pointed language—along the same line of argument immediately after trial counsel objected. *See Temple*, 342 S.W.3d at 603. Appellant has therefore waived his sole point of error.

## Conclusion

We affirm the trial court's judgment.

Russell Lloyd
Justice

Panel consists of Justices Keyes, Bland, and Lloyd.

Do not publish.   TEX. R. APP. P. 47.2(b).

9